**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:17-CV-81237-ROSENBERG/REINHART**

ADT LLC, *et al.*,

       Plaintiffs,

v.

ALDER HOLDINGS, LLC, *et al.*,

       Defendants.

                              /

## ORDER ON MOTION IN LIMINE AND
## <u>MOTIONS TO EXCLUDE EXPERT TESTIMONY</u>

This matter comes before the Court upon Defendants' Motion to Exclude Expert Testimony of Plaintiffs' Expert Witness Sandra Lynskey [DE 163], Defendants' Motion in Limine [DE 167], and Defendants' Motion to Exclude Expert Testimony of Plaintiffs' Expert Witness Dr. David Stewart on Multiplier Issue [DE 206]. The Court has carefully considered Defendants' Motions, Plaintiffs' Responses thereto [DE 179, 186, and 214], and Defendants' Replies [DE 196, 197, and 215], and is otherwise fully advised in the premises. For the reasons set forth below, Defendants' Motion to Exclude Expert Testimony of Plaintiffs' Expert Witness Sandra Lynskey [DE 163] is denied without prejudice. Defendants' Motion in Limine [DE 167] is granted in part and denied in part. Defendants' Motion to Exclude Expert Testimony of Plaintiffs' Expert Witness Dr. David Stewart on Multiplier Issue [DE 206] is denied without prejudice.

**I.      Motion to Exclude Expert Testimony of Ms. Lynskey**

Defendants move to exclude the testimony of Ms. Lynskey, Plaintiffs' expert on deceptive trade practices, arguing that her testimony will not assist the jury because what is

deceptive is within the common knowledge of an average juror, and her testimony may confuse

or mislead the jury. DE 163. This Court addressed a motion to exclude Ms. Lynskey's

testimony in a previous case involving the parties, *ADT LLC v. Alarm Prot. LLC* ("*Alarm*

*Protection*"), No. 9:15-cv-80073 (S.D. Fla.), DE 217. Although Defendants assert that they are

now making different arguments for exclusion than they made in *Alarm Protection*, DE 197

at 2-3, the Court previously considered helpfulness to the jury and Fed. R. Evid. 403 in assessing

Ms. Lynskey's purported testimony. *See* DE 179-1 at 118-27. For the reasons addressed on the

record in *Alarm Protection*, Defendants' motion is denied without prejudice. *See id*; *see also*

*Alarm Protection* DE 352. Defendants may renew their objections, if necessary, at trial, in the

context of specific testimony. Plaintiffs are cautioned to elicit only testimony that is permissible

under the Federal Rules of Evidence in light of Defendants' objections.

## II.     Motion in Limine

Defendants move to exclude (1) video recordings from the Inside Edition and 20/20

television programs; (2) all recorded telephone conversations between Plaintiffs and

non-testifying customers and any summaries of those conversations; and (3) all references to the

existence and substance of customer complaints for the truth of the matter, regardless of the

source of the evidence. DE 167.

This Court addressed the video recordings in *Alarm Protection*, and the parties agree that

the Court's prior ruling as to the video recordings should apply here. *See id.* at 1-2; DE 186

at 1-2; DE 196 at 1. For the reasons addressed on the record in *Alarm Protection*, Defendants'

motion to exclude the video recordings is granted. *See Alarm Protection* DE 364. The Court

concludes that the video recordings are unfairly prejudicial to Defendants and that their probative

value is minimal. This ruling does not impact Plaintiffs' ability to argue that the video recordings may be used at trial for impeachment purposes.

This Court also addressed the recorded telephone conversations and summaries in *Alarm Protection*. For the reasons addressed on the record in *Alarm Protection*, Defendants' motion to exclude the recorded telephone conversations between Plaintiffs and non-testifying customers and any summaries of those conversations is granted because the evidence is inadmissible hearsay. *See Alarm Protection* DE 340. Although Plaintiffs contend that this evidence is admissible to rebut Defendants' contempt counterclaim, DE 186 at 3-4, this Court has since granted Plaintiffs summary judgment on that counterclaim. *See* DE 212. Although Plaintiffs argue that this evidence is admissible to show numerosity of complaints to prove damages, DE 186 at 4-5, this Court previously rejected that argument. *See Alarm Protection* DE 340 at 5 ("Other avenues remain open to Plaintiffs to introduce evidence on the issue of the numerosity of its customer complaints, and nothing in this order precludes Plaintiffs from pursuing those theories."). This ruling does not impact Plaintiffs' ability to argue that the evidence may be used at trial for impeachment purposes. Finally, pursuant to Defendants' concession, if Defendants introduce an audio recording to support their tortious-interference counterclaim, Plaintiffs may play that entire recording under the Rule of Completeness. *See* DE 196 at 7; *see also* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.").

This Court addressed references to the existence and substance of customer complaints for the truth of the matter in *Alarm Protection*. For the reasons addressed on the record in *Alarm Protection*, Defendants' motion to exclude all references to the existence and substance of

customer complaints for the truth of the matter, regardless of the source of the evidence, is denied without prejudice. *See Alarm Protection* DE 365. The Court believes that Defendants' requested relief may be too broad.

### III. Motion to Exclude Expert Testimony of Dr. Stewart

Defendants move to exclude the testimony of Dr. Stewart on the "multiplier hypothesis," that is, his testimony that between 4 and 14% of dissatisfied customers complain, such that the total number of customers subjected to Defendants' deceptive practices is between 7 and 25 times the number of customers who complained. DE 206; *see* DE 206-2 at 14-15. Defendants argue that this hypothesis is untested and unreliable and that testimony on the hypothesis has been stricken in a similar case in this district. DE 206. In *Alarm Protection*, Defendants moved to exclude testimony on the multiplier hypothesis from a different expert witness. *See Alarm Protection* DE 248, 250-1. For the reasons addressed on the record in *Alarm Protection*, Defendants' motion to exclude Dr. Stewart's testimony is denied without prejudice. *See Alarm Protection* DE 358. Defendants are reminded that, in a Summary Judgment Order in *Alarm Protection*, the Court stated that "[t]he basis for Plaintiffs' use of a damages multiplier is the well-known and unremarkable proposition that customers who complain are vastly outnumbered by customers who do not complain" and that "[t]his principle of marketing and economics has been recognized by the Eleventh Circuit in Lanham Act cases." *Alarm Protection* DE 379 at 15. Defendants may renew their objections to Dr. Stewart's testimony, if necessary, at trial, and Plaintiffs are cautioned to elicit only testimony that is permissible under the Federal Rules of Evidence in light of Defendants' objections.

## IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Exclude Expert Testimony of Plaintiffs' Expert Witness Sandra Lynskey [DE 163] is **DENIED WITHOUT PREJUDICE**. Defendants' Motion in Limine [DE 167] is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion to Exclude Expert Testimony of Plaintiffs' Expert Witness Dr. David Stewart on Multiplier Issue [DE 206] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of February, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record