# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CV-81237-ROSENBERG/REINHART

ADT LLC & ADT US HOLDINGS, INC.,

    Plaintiffs,

v.

ALDER HOLDINGS, LLC, et al.,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Entry of Judgment [DE 384]. For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiffs request that the Court enter judgment in their favor on Plaintiffs' contempt claim, Count I. The jury concluded that Defendants falsely affiliated themselves with Plaintiffs when the jury found in Plaintiffs' favor as to Plaintiffs' Count II, a claim brought under the Lanham Act. By the plain terms of the injunction that is the subject of Plaintiffs' contempt claim, Count I, conduct by Defendants that violated the Lanham Act claim simultaneously violated the Court's injunction.[1] When legal and equitable issues are tried together and overlap factually, the Seventh Amendment requires that "all findings necessarily made by the jury in awarding [a] verdict to [a party on legal claims] are binding on . . . the trial court" when it sits in equity. *Brown v. Ala. Dep't of Trans.*, 597 F.3d 1160, 1184 (11th Cir. 2010) (quoting *Williams v. City of Valdosta*, 689 F.2d 964, 976 (11th Cir. 1982)). To the extent the jury's verdict binds this Court on the contempt claim, Count I, the Court will enter judgment in favor of Plaintiffs.

Alternatively, to the extent the legal and equitable issues in this case do not overlap and the jury's verdict is not dispositive of this Court's equitable powers, the jury's verdict on equitable issues is

---

[1] *E.g.*, 15-CV-80073, DE 431 ("[Alder] shall not falsely state . . . [it is] acting on behalf of, or otherwise acting with the consent or approval of ADT."); 17-CV-81237, DE 85 ("Alder . . . trains its sales agents to misrepresent themselves to ADT customers as being affiliated somehow with ADT.").

advisory. *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1529 n.4 (11th Cir. 1990), *superseded by statute on other grounds*. In the event the jury's verdict is advisory, the Court finds that the verdict is persuasive and the Court will enter judgment in favor of Plaintiffs.

For the foregoing reasons, the Court will enter judgment in Plaintiffs' favor as to Count I. The Court's assessment of contempt sanctions is a matter of judicial discretion. *McGregor v. Chierico*, 206 F.3d 1378, 1388 (11th Cir. 2000). Here, upon review of the evidence at trial, the Court declines to impose additional sanctions—the jury's verdict of $4,000,000 is an adequate sanction for Defendants' violation of Count I.

Plaintiffs also request that the Court increase the jury's award of compensatory damages in this case. The Court's authority to do so is sourced in 15 U.S.C. § 1117. The Court has "wide discretion" in determining whether a jury's award should be increased. *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1564 (11th Cir. 1986). Here, upon review of the evidence at trial, the Court declines to increase the jury's award—the jury's verdict imposed a reasonable amount of damages.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entry of Judgment is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted in part insofar as the Court will enter judgment in Plaintiffs' favor as to Count I, but the Motion is denied in all other respects. Plaintiffs are **ORDERED** to submit a proposed final judgment on both its own claims and Defendants' counterclaims in Microsoft Word format to rosenberg@flsd.uscourts.gov within twenty-four hours of the time of rendition of this order. The Clerk of the Court shall **CLOSE THIS CASE**. Nothing in this Order shall preclude Plaintiffs from filing motions for fees or costs.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of May, 2019.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE